**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 12:10 pm, Jan 12, 2018*

ANEUDY RODRIGUEZ ROSARIO,

      Petitioner,

      v.

WARDEN TRACY JOHNS,

      Respondent.

CIVIL ACTION NO.: 5:17-cv-161

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's failure to comply with the Court's November 27, 2017, directive to pay the required filing fee or to move to proceed *in forma pauperis*. (Doc. 2.)  For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** Petitioner's Petition, (doc. 1), for his failure to follow this Court's Order and for failure to prosecute.  I further **RECOMMEND** that the Court **DENY** Petitioner leave to appeal *in forma pauperis*.

## BACKGROUND

Petitioner, an inmate at D. Ray James Correctional Institute in Folkston, Georgia, brought this action pursuant to 28 U.S.C. § 2241 on November 27, 2017.  (Doc. 1.)  However, Petitioner did not pay the $5.00 filing fee or move to proceed *in forma pauperis*.  Thus, the Court issued a Deficiency Notice advising Petitioner that he must pay the filing fee or submit a properly completed motion to proceed *in forma pauperis* within 21 days from the date of the Notice. (Doc. 2.)  The Court mailed the Notice to Petitioner's last known address at D. Ray James


Correctional Facility in Folkston, Georgia and attached to the Notice a form application to proceed *in forma pauperis*.  (Id.)   The Notice was not returned as undeliverable.  However, Petitioner has not provided the required filing fee or moved to proceed *in forma pauperis*. Indeed, he has not taken any action in this case since filing his Petition.

## DISCUSSION

The Court must now determine how to address Petitioner's failure to comply with this Court's directive.  For the reasons set forth below, I recommend that the Court **DISMISS** Petitioner's Section 2241 Petition and deny him leave to appeal *in forma pauperis*.

### I.       Dismissal for Failure to Prosecute and Failure to Follow this Court's Order.

A district court may dismiss a petitioner claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.[1] Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).   In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

---

[1]  Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may apply to a Petitioner's habeas Petition to the extent the Civil Rules are not inconsistent with the Section 2254 Rules.  Further, pursuant to Rule 1(b) of the 2254 Rules, the 2254 Rules may be applied to Section 2241 Petitions.

[2]  In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, here, the Court advised Petitioner that his failure to remedy his filing fee deficiency would result in the dismissal of his action.  (Doc. 2.)

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or

3

seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Petitioner having failed to provide the Court with a filing fee or moved to proceed *in forma pauperis*, the Court has no means to collect the filing fees in this case or to assess Petitioner's eligibility for *in forma pauperis* status.  Furthermore, with Petitioner not having taken any action in this case since the filing of his Petition, he has failed to diligently prosecute his claims.  Thus, Petitioner has demonstrated a clear record of delay and disregard for this Court's Order, and a sanction other than dismissal would not suffice to remedy his deficiencies.

For these reasons, the Court should **DISMISS without prejudice** Petitioner's Section 2241 Petition for failure to prosecute and failure to follow this Court's Order, and this case should be **CLOSED**.

## II.      Leave to Appeal *in Forma Pauperis*.

The Court should also **DENY** Petitioner leave to appeal *in forma pauperis*.  Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cnty. of Volusia, 189 F.R.D. 687,

691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at \*1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Petitioner *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** this action and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.  I further recommend that the Court **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   Objections to a Report and

Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court.  A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Clerk of Court shall serve a copy of this Order and Report and Recommendation on Petitioner.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA